# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> KRIS WARNER, in his Official Capacity as WEST VIRGINIA SECRETARY OF STATE, <br><br> *Defendant.* | Case No.: 2:26-cv-00156 |

**WEST VIRGINIA ALLIANCE FOR RETIRED AMERICANS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

Proposed Intervenor-Defendant the West Virginia Alliance for Retired Americans (the "Alliance") answers Plaintiff's Complaint as follows:

**INTRODUCTION[1]**

1.      Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

2.      Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's Complaint and the Proposed Intervenor' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

1

admits that the statute cited contains language similar to the quoted text. Proposed Intervenor otherwise denies the allegations.

3.    Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

4.    Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

**I. JURISDICTION AND VENUE**

5.    Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenor otherwise denies the allegations.

6.    Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, on information and belief, Proposed Intervenor admits that Plaintiff requested federal election records from Defendant Secretary Warner who maintains an office in this district, but Proposed Intervenor lacks sufficient knowledge to form a belief to the truth or falsity of the remaining allegations in Paragraph 6 and therefore denies them.

## II. PARTIES

7.      Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States but otherwise denies the allegations.

8.      Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that, pursuant to West Virginia law, Defendant is responsible for the administration of elections in West Virginia.

9.      Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant is being sued in his official capacity only, and that he is responsible for coordinating and maintaining West Virginia's compliance under the Civil Rights Act of 1960 ("CRA"), and the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a).

## III. BACKGROUND

10.     Proposed Intervenor denies the allegations in Paragraph 10.

11.     Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA, NVRA, and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenor otherwise denies the allegations.

3

### The National Voter Registration Act

12.     Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13.     Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

14.     Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Help America Vote Act

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Civil Rights Act of 1960

17.     Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records in certain circumstances.

18.     Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months after a federal election.

19.     Paragraph 19 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### IV. FACTUAL ALLEGATIONS

20.     Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies them.[2]

21.     Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies them. Proposed Intervenor denies that the CRA required Defendants to provide the SVRL to Plaintiff.

22.     Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations related to Plaintiff's correspondence in Paragraph 22 and therefore denies them. To the extent that Paragraph 22 contains legal contentions, characterizations, conclusions, or opinions, no response is required. Proposed Intervenor otherwise denies that Plaintiff is entitled to demand West Virginia's statewide voter registration list with all fields, including sensitive

---

[2] Plaintiff's factual allegations refer to certain letter and email correspondence between Plaintiff and Defendant which Plaintiff failed to attach to the Complaint, including letters and emails dated September 8, September 22, December 10, and December 19, 2025; and January 13 and February 11, 2026. *See* ECF No. 1 ¶¶ 20–26. Because Plaintiff failed to attach the correspondence to the Complaint, Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations concerning this correspondence and therefore denies these allegations.

personal voter information, in order to ascertain compliance with the list maintenance requirements of the NVRA and HAVA.

23. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore denies them. To the extent that Paragraph 23 contains legal contentions, characterizations, conclusions, or opinions, no response is required. Proposed Intervenor otherwise denies that Plaintiff's request for motor vehicle records is exempt from the disclosure prohibition in the Driver's Privacy Protection Act.

24. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore denies them.

25. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies them.

26. Admitted.

## COUNT ONE

27. Proposed Intervenor incorporates by reference each of its preceding admissions, denials, and statements as if fully set forth herein.

28. Admitted.

29. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore denies them.

30. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies them.

31. Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies them.

Proposed Intervenor denies that Plaintiff is entitled to entitled to any relief in this action, including the relief demanded in sub-paragraphs (A)–(D).

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.      Plaintiff has failed to establish entitlement to injunctive relief.

4.      The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.      Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A.      That the Court dismiss the Complaint;

B.      That judgment be entered in favor of Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C.      That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D.      For such other and further relief as the Court deems appropriate.

Dated: March 6, 2026,                   Respectfully submitted,

**POWELL & MAJESTRO PLLC**

/s/  *Christina L. Smith*
Christina L. Smith (WVSB 7509)
Graham B. Platz (WVSB 14093)
405 Capitol Street, Suite 807
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
csmith@powellmajestro.com
gplatz@powellmajestro.com

**ELIAS LAW GROUP LLP**

Elisabeth Frost (DC Bar No. 1007632)*
Lucas Lallinger (DC Bar No. 1046778)*
Julianna Astarita (DC Bar No. 6340483)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 312-5904
efrost@elias.law
llallinger@elias.law
jastarita@elias.law

* Statement of Visiting Attorney filed concurrently
with motion

*Counsel for Proposed Intervenor*

8