**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRIS WARNER, in his official capacity as<br>West Virginia Secretary of State,<br><br>Defendant. | Case No. 2:26-cv-156 (TEJ) |

**MEMORANDUM IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S**
**MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE**

The Democratic National Committee (DNC) respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates. The DNC represents millions of voters, including more than 325,000 registered Democrats in West Virginia.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "The Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level." *Recht v. Justice*, No. 5:20-cv-90, 2020 WL 6109426, at *1 (N.D. W. Va. June 9, 2020); *cf.* Fed. R. App. P. 29(b)(2); S. Ct. R. 37. Nonetheless, "[g]ranting amicus status and deciding to accept amicus briefs is within the discretion of district courts." *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 32 (S.D. W. Va. 2015). "An *amicus*

*curiae*, defined as 'friend of the court,' . . . does not represent the parties but participates only for the benefit of the Court." *Recht*, 2020 WL 6109426, at *1 (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)) (alteration in original). "Courts typically grant *amicus* status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Id.* (quoting *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015)); *see also Milan Puskar Health Right v. Crouch*, No. 3:21-cv-370, 2021 WL 12319955, at *1 (S.D. W. Va. July 7, 2021) (granting leave after finding "amici have a legitimate interest in this matter and are qualified to provide information that is relevant to this Court's analysis"). "*Amicus curiae* briefs serve an important function 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Recht*, 2020 WL 6109426, at *1 (quoting *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991)).

In this case, the U.S. Department of Justice demands a copy of West Virginia's complete, unredacted voter file, which includes the personal identifying information of more than 325,000 registered Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between democratic participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g., Paher v. Cegavske*, No. 3:20-cv-

243, 2020 WL 2042365, at *2–3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 76–80 (2026) (describing candidates' "interest in a fair process").

The DNC would also bring substantial expertise concerning the statutes at issue:  Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701–06, the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501–11, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. §§ 20901–21145.  The DNC routinely litigates matters under both the NVRA and HAVA.  *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on the document retention requirements at the heart of Title III.  The DNC's proposed amicus brief would apply this expertise to issues and challenges raised in this novel and complex matter.  Thus, in more than a dozen related cases, federal courts have granted the DNC leave to file amicus briefs.  *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

For these reasons, this Court should grant the Democratic National Committee's motion for leave to file an amicus brief.

Dated: May 6, 2026

Respectfully submitted,

/s/ *Robert M. Bastress III*

/s/ *Daniel Freeman*

Robert M. Bastress III (WV Bar No. 9616)
Dipiero Simmons McGinley & Bastress PLLC
604 Virginia St. E.
Charleston WV 25301
(304) 342-0133
rob.bastress@dbdlawfirm.com

Daniel Freeman*
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 863-8000
freemand@dnc.org

* Statement of Visiting Attorney filed
concurrently with motion

*Attorneys for the Democratic National
Committee*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this May 6, 2026, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

/s/ *Robert M. Bastress III*

Robert M. Bastress III

Dated: May 6, 2026