IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *06-4889 (JLL)* |
| | ) | |
| STATE OF NEW JERSEY; and | ) | |
| STUART  RABNER Attorney General, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATION AND ORDER

The United States filed its Complaint in this action on this date against the State of New Jersey and the New Jersey Attorney General, in his official capacity, alleging violations of Section 303(a) of the Help America Vote Act ("HAVA"), 42 U.S.C. § 15483(a), and Section 8(a) of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg-6(a).  In particular, the Complaint alleges that Defendants failed to fully implement a computerized statewide voter registration list under Section 303(a) of HAVA, 42 U.S.C. § 15483(a), and failed to collect driver's license numbers for new registration applications in the State under Section 303(a)(5) of HAVA, 42 U.S.C. § 15483(a)(5).  The United States also alleges that Defendants have failed to perform reasonable registration list maintenance under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 1973gg-9(a), 15511.

The parties, having engaged in extensive good-faith negotiations, have agreed to the terms of this Stipulation and Order as an appropriate resolution of all claims alleged in the Complaint.  The parties further agree to waive a hearing and thus stipulate that each provision of

this Stipulation and Order is appropriate and necessary.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1.      Defendants are enjoined to take the actions specified below to comply with Section 303(a) of the HAVA, 42 U.S.C. § 15483(a), and Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.

2.      *Statewide Voter Registration List.* For the November 7, 2006 general election, each election district in the State of New Jersey, with the exception of Hunterdon County, shall have a poll book(s) of valid registered voters for that district generated using the pre-existing county voter registration system. Each eligible voter whose name appears in the poll book shall be able to cast a regular ballot, and each person whose name does not appear in the poll book, and who claims to be registered and eligible to vote, shall have an opportunity to cast a provisional ballot. For the purposes of confirming the eligibility of voters casting provisional ballots, a supplemental list of valid registered voters shall be generated from the statewide voter registration system against which provisional ballots will be checked by the county commissioner of registration. On or before May 30, 2007, the State shall ensure that its statewide voter registration list complies fully with Section 303(a) of HAVA, including, but not limited to, the following requirements:

(a)     The list shall serve as the single system for storing and managing the official list of registered voters throughout the State, 42 U.S.C. § 15483(a)(1)(A)(i);

(b)     The list must contain the name and registration information of, and must assign a unique identifier to, each legally registered voter in the State, 42 U.S.C. §§ 15483(a)(1)(A)(ii)-(iii);

2

(c)     The list must be coordinated with other agency databases within the State, 42 U.S.C. § 15483(a)(1)(A)(iv); and

(d)     The list must serve as the official voter registration list for the conduct of all elections for federal office in the State, 42 U.S.C. § 15483(a)(1)(A)(viii).

The State shall provide a written certification of its compliance with this Paragraph to counsel for the United States on or before June 15, 2007.

3.     *Missing Dates of Birth from Registration Records.* With respect to registrants whose date of birth information is currently missing from the statewide voter registration list, the Defendants, on or before October 20, 2006, shall send a letter along with a pre-paid, pre-addressed return envelope to enable such registrants to provide the missing information.

4.     *Duplicate Registrations.* On or before May 30, 2007, the State shall take reasonable steps to identify the names of possible duplicate registrations on the computerized list and distribute information about each duplicate registration to the appropriate county officials for investigation and, where the entry is confirmed to be a duplicate, removal. The State shall require each county to take appropriate action, consistent with all notice requirements mandated by law, on each potentially duplicate registration on or before July 25, 2007. The State shall provide a final report to counsel for the United States by August 15, 2007, on a county by county basis, regarding the total number of duplicate registrations identified for each county, the total number of duplicate registrations removed in each county, the total number of voters placed on the inactive list in each county, and the number of duplicate registrations where the county took no action.

5.	*Registration Applications without Driver's License Number, Motor Vehicle Commission non-driver's identification number, or Social Security Digits.* On or before October 20, 2006, the State shall ensure that all eligible registrants who filed a registration application without a driver's license number, a Motor Vehicle Commission ("MVC") non-driver's identification number, or social security digits on or after January 1, 2006, and before October 20, 2006, will be processed so that each such registrant will appear on the county-generated poll book for the November 7, 2006 general election. In addition, on or before May 30, 2007, for those registrants identified immediately above, the State shall obtain each such registrant's driver's license or MVC non-driver's identification number if the registrant has such a number or, if the registrant does not have such a number, the last four digits of his or her social security number if the registrant has such a number. If the State is unable to obtain this information from the databases set forth in HAVA § 303(a)(5)(b), it shall make repeated efforts to obtain such information, including sending at least one non-forwardable mailing, one forwardable mailing and making two telephone calls. If a registrant does not have a valid driver's license, MVC non-driver's license or a social security number, the State shall assign that registrant a number which will serve to identify the applicant for voter registration purposes, as required by Section 303(a)(5)(A)(ii) of HAVA. The Defendants shall ensure that the State is in compliance with the verification requirements set forth in Section 303(a)(5) of HAVA, 42 U.S.C. § 15483(a)(5).

6.	Defendants shall take immediate steps to ensure that voter registration applications used in elections for federal office in the State of New Jersey conform to the standards set forth in Sections 303(a)(5)(A) and 303(b)(4)(A)(ii), (iii), and (iv) of HAVA.

7. *Disenfranchised Offenders*. On or before May 30, 2007, the State shall require each county commissioner of registration to ensure that each registrant who becomes ineligible pursuant to New Jersey Statute 19:4-1(6)-(8) is removed from the State's computerized registration list upon confirmation by the county of such ineligibility. Any such removal shall be accomplished in uniform and non-discriminatory fashion. The State shall provide written certification regarding its compliance with this Paragraph at the same time and in a manner consistent with the certification in Paragraph 2.

8. *Deceased Registrants*. For all registrations that have been identified by the State prior to this Stipulation as being potentially deceased, the State will ensure by October 20, 2006, that each county reviews and, where applicable, removes any registrant who is confirmed as being deceased. In addition, by no later than May 30, 2007, the State shall require each county commissioner of registration to ensure that any registrant who has been identified by the State's computerized registration system as potentially deceased and has been confirmed by the county to be deceased, shall be removed from the State's computerized registration list. As part of the State's efforts to identify deceased registrants, the State of New Jersey shall compare its registration list against the Social Security Administration's Death Master File provided that such file is either commercially available or made available to the Defendants through the Social Security Administration or other United States government entity in a format suitable for this purpose. The State shall require each county to take appropriate action, consistent with all notice requirements mandated by law, on each potentially deceased registrant on or before July 25, 2007. Any such removal shall be accomplished in uniform and non-discriminatory fashion. The State shall provide a report to counsel for the United States by August 15, 2007, on a county by

county basis, regarding the total number of potentially deceased registrants identified for each county, the total number of confirmed deceased registrants removed in each county, the total number of registrants placed on the inactive list in each county, and the total number of potentially deceased registrants where the county took no action.

9.      *Registrants Who Have Moved.* On or before May 30, 2007, the State shall require each county commissioner of registration to take reasonable steps to identify voters who have moved to another county in New Jersey, or who have moved out of State, in the manner set forth in Section 8 of the NVRA, 42 U.S.C. § 1973gg-6. Any such program must "be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965," 42 U.S.C. § 1973gg-6(b)(2); must not permit the removal of a registrant solely because he or she failed to vote in an election, 42 U.S.C. § 1973gg-6(b)(1); and must comply with the notice provisions of Section 8(d) of the NVRA, 42 U.S.C. § 1973gg-6(d). Nothing in this paragraph shall preclude updating valid registrations of voters who have moved to another county in New Jersey. The State shall provide a report to counsel for the United States by June 15, 2007 regarding its program and the number of registrants, on a county by county basis, who have been identified and processed under Section 8 of the NVRA.

10.     With regard to the State's list maintenance obligations under Paragraphs 4, 7-9, the State shall monitor the voter registration list maintenance activities conducted by local election officials , and require corrective action whenever compliance issues are detected.

11.     *Reporting.* Defendants shall report to counsel for the United States every second month from the date of this Stipulation and Order in writing (by e-mail or overnight delivery) concerning progress in implementing the terms of this Stipulation and Order, beginning in

October 2006 and on or about the 15th of every second month thereafter.

12.    *Notice of Violation.* It shall be the responsibility of the Defendants to provide advance notice that there is about to be a breach of any of the terms of this Stipulation. Such advance notice shall include the nature and causes of such prospective breach, and the steps the Defendants propose to take to resolve the prospective breach and to ensure that it does not recur.

13.    *Modification of the Stipulation.* The parties to this Stipulation and Order remain free to alter the terms herein upon mutual consent, including any change in deadlines set forth in this agreement. Such changes must be in writing and approved by both parties and submitted to the Court.

14.    *Retention of Records.* Defendants shall retain all voter registration and list maintenance records and other records related to the terms of this Stipulation, including written survey materials and responses. Defendants shall make these records available to counsel for the United States for inspection and copying upon request.

15.    *Contact Information.* Any notices and reports sent by the respective parties pursuant to provisions of this Stipulation shall be sent to:

For the United States:

Chief
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7254-NWB
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
Email: eric.eversole@usdoj.gov

For the Defendants:

New Jersey Attorney General
Richard J. Hughes Justice Complex
8th Floor
25 West Market Street
Trenton, NJ 08625
Phone: (609) 984.9579
Fax: (609) 633.7550
Email: anne.milgram@lps.state.nj.us

Susan J. Steele
Chief - Civil Division
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: (973) 645- 2920
Fax: (973) 297-2010
E-mail: susan.steele@usdoj.gov

Rudolph A. Filko
Deputy Chief - Civil Division
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: (973) 645-2829
Fax: (973) 297-2010
E-Mail: rudolph.a.filko@usdoj.gov

16.     *Costs.* Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this Stipulation.

17.     *Binding Nature of Stipulation and Order.* This Stipulation and Order is binding on the Defendants, any successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf.

18.     *Expiration.* This Stipulation and Order shall expire on March 15, 2008. The Court retains jurisdiction of this action to enforce the terms of this Stipulation and Order during the effective period of this Stipulation and Order.

19.     *Signatures.* This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

Entered this 12th day of OCTOBER , 2006.

For the United States:

_____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

_____
CHRISTOPHER CHRISTIE
United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: 973-645-2890
Fax: 973-297-2008

_____
JOHN TANNER
ROBERT D. POPPER
M. ERIC EVERSOLE
VERONICA SEUNGWON JUNG
JAMES "NICK" BOEVING
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0526
Facsimile: 202-307-3961

For the Defendants:

_____
STUART RABNER
Attorney General of New Jersey
Office of The Attorney General
P.O. Box 080
Trenton, NJ 08625-0080

Entered this 11ᵗʰ day of _____October_____, 2006.


For the United States:                          For the Defendants:


_____                       _____

WAN J. KIM                                       STUART RABNER
Assistant Attorney General                       Attorney General of New Jersey
Civil Rights Division                            Office of The Attorney General
                                                 P.O. Box 080
                                                 Trenton, NJ 08625-0080


_____

CHRISTOPHER CHRISTIE
United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: 973-645-2890
Fax: 973-297-2008


_____

JOHN TANNER
ROBERT D. POPPER
M. ERIC EVERSOLE
VERONICA SEUNGWON JUNG
JAMES "NICK" BOEVING
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0526
Facsimile: 202-307-3961

SO ORDERED this _12_ day of ___October___ , 2006

_____
United States District Judge