**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>   *v.*<br><br>KRIS WARNER, in his Official Capacity as<br>WEST VIRGINIA SECRETARY OF STATE,<br><br>*Defendant.* | Civil Action No.: 2:26-cv-00156 |

**WEST VIRGINIA ALLIANCE FOR RETIRED AMERICANS' MOTION FOR LEAVE
TO FILE MOTION TO DISMISS THE COMPLAINT**

Proposed Intervenor West Virginia Alliance for Retired Americans (the "Alliance") moves

for leave to file its Proposed Motion to Dismiss, attached hereto as **Exhibit 1**. In support of its

Motion, the Alliance states as follows:

1.     The United States filed its Complaint on February 26, 2026, asserting a claim under

the Civil Rights Act of 1960 ("CRA") seeking West Virginia's full, unredacted statewide voter

registration list. *See* Dkt. No. 1.

2.     The Alliance moved to intervene on March 6, 2026. *See* Dkt. No. 4. The Alliance

seeks to protect the fundamental voting and privacy rights of its members, as well as its ability to

achieve its own mission-critical objectives related to empowering retirees.

3.     To this end, state Alliance chapters have sought and been granted intervention in

*14* of the DOJ's similar actions brought against states across the country. *See* Minute Order, *United*

*States v. Oliver*, No. 25-cv-1193 (D.N.M. Dec. 12, 2025); Order, *United States v. Simon*, No. 25-

cv-3761 (D. Minn. Jan. 6, 2026); Minute Order, *United States v. Amore*, No. 25-cv-00639 (D.R.I.

Jan. 6, 2026); Minute Order, *United States v. Galvin*, No. 25-cv-13816 (D. Mass. Jan. 6, 2026);

1

Minute Order, *United States v. Thomas*, No. 3:26-cv-00021 (D. Conn. Jan. 13, 2026); Order, *United States v. Pennsylvania*, No. 25-cv-1481 (W.D. Pa. Jan. 16, 2026); Minute Order, *United States v. Copeland Hanzas*, No. 25-cv-903 (D. Vt. Jan. 16, 2026); Order, *United States v. Wis. Elections Comm'n*, No. 25-cv-1036 (W.D. Wis. Jan. 21, 2026); Order, *United States v. DeMarinis*, No. 25-cv-03934 (D. Md. Feb. 2, 2026); *United States v. Benson*, No. 25-cv-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026); Text Order, *United States v. Matthews*, 25-cv-03398-CRL-DJQ (C.D. Ill. Mar. 2, 2026); Minute Order, *United States v. Evans*, No. 25-cv-04403 (D.D.C. Mar. 16, 2026); Order, *United States v. Aguilar*, No. 25-cv-00728 (D. Nev. Mar. 20, 2026); Mem. Op. & Order, *United States v. Adams*, No. 3:26-cv-00019 (E.D. Ky. Apr. 14, 2026).

4.      Under L.R. 7.1, any opposition to the Alliance's motion to intervene must have been filed by March 20, 2026. No party filed a response brief by that deadline.[1]

5.      On April 23, 2026, Plaintiff served the Defendant with the Summons and Complaint. *See* Dkt. 28. Any motion to dismiss the complaint was therefore due 21 days after service, by May 14, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

6.      On April 29, 2026, the West Virginia Secretary of State filed a motion to dismiss the complaint. *See* Dkt. Nos. 24, 25. DOJ filed its response on May 13, 2026. *See* Dkt. 39.

7.      Because the Court has not yet ruled on the Alliance's Motion to Intervene, and to preserve its rights and avoid delay, the Alliance hereby moves for leave to file its Proposed Motion to Dismiss, which is attached here as Exhibit 1. The Alliance requests that the Court accept these filings for consideration in the event that the Court grants its Motion to Intervene.

---

[1] On May 8, 2026—seven weeks after the response deadline—the Department of Justice ("DOJ") filed a motion for leave to file an untimely response in opposition to the Alliance's Motion to Intervene. *See* Dkt. No. 35. That motion remains pending and the Alliance will file a response to it shortly.

8.      Several other courts have taken this approach in parallel cases filed by DOJ against other states, while motions to intervene by Alliance chapters and others were pending. *See, e.g.*, *United States v. Weber*, No. 2:25-CV-09149, 2026 WL 118807, at *5-6 & n.10 (C.D. Cal. Jan. 15, 2026) (in parallel litigation, noting court granted motion to intervene and accepted for consideration proposed motion to dismiss); Order, *United States v. Benson*, No. 1:25-cv-1148 (W.D. Mich. Dec. 9, 2025), Dkt. No. 46 (granting motion to intervene of Michigan Alliance for Retired Americans and individual intervenors, and ordering Clerk to enter the proposed motion to dismiss on the docket); Text Order, *United States v. Simon*, No. 25-cv-03761 (D. Minn. Dec. 23, 2025), Dkt. No. 76 (allowing proposed intervenors to file a motion to dismiss to be considered if their intervention was granted).

9.      The Alliance presents numerous arguments in its Proposed Motion to Dismiss that differ from or expand upon those raised in Secretary Warner's motion to dismiss. First, the Alliance explains the history and context of the Help America Vote Act (HAVA) and the National Voter Registration Act (NVRA) vis-à-vis the CRA, including that Congress chose to include specific enforcement provisions in the NVRA, undermining DOJ's claim that it may use the CRA to enforce the NVRA. *See* Exhibit 1 at 3–4; *see also id.* at 11–12 (explaining that DOJ's attempt to use the CRA to enforce the NVRA would violate the canon of statutory interpretation that the specific governs the general). Second, the Alliance explains why DOJ's demand is contrary to the text, context, and history of Title III of the CRA. *See id*. at 10–12 (elaborating on the legislative history and purpose of the CRA). Third, the Alliance identifies additional contexts in which courts have declined to simply rubberstamp DOJ investigative demands, further undermining DOJ's claim that this Court may not engage in meaningful review of the demand here. *See id*. at 10. Fourth, because the Alliance is party to over a dozen cases in other states in which DOJ has

demanded access to states' unredacted voter file, the Alliance is uniquely positioned to explain how DOJ's arguments in those lawsuits undermine its attempt to justify its demand in West Virginia. *See id*. at 5–7, 12–13. The Alliance does so, principally, by demonstrating that nothing in the demand for West Virginia's voter file establishes that DOJ has any genuine or particularized concern about West Virginia's voter list maintenance program, providing additional reasons to doubt that DOJ's asserted purpose in making the demand is its true purpose. *Id*. at 5–7, 12–13 (explaining the evolution of DOJ's purported justifications for its demands, including that while DOJ initially brought claims against states under the NVRA and HAVA, it subsequently abandoned those claims). Fifth, the Alliance explains that DOJ's interpretation of the CRA would lead to a direct conflict not only with HAVA, but also the NVRA, which would subject election officials to irreconcilable obligations and potential criminal penalty, and the Alliance identifies another major case in the ninth circuit that so concluded. *Id*. at 14–15 (explaining the NVRA "outline[s] a variety of situations in which states are required to modify their [voter lists] where [the CRA] would prohibit such an alteration" (quoting *United States v. Fontes*, 2026 WL 1177244, at *4 (D. Ariz. Apr. 28, 2026)). Sixth, the Alliance explains why the System of Records Notice to which DOJ points in order to argue that it fulfilled its Privacy Act obligations in other parallel voter file cases fails to satisfy the Privacy Act's requirements. *Id*. at 18–19; *see also id*. at 19 (explaining how DOJ's admission that it plans to run voter data through the SAVE database imposes additional obligations under the Privacy Act which DOJ has not satisfied).

10.　　The foregoing establishes good cause to grant this Motion, which the Alliance respectfully submits will aid the Court in the expeditious resolution of this case.

Dated: May 14, 2026, Respectfully submitted,

**POWELL & MAJESTRO PLLC**

/s/ *Graham B. Platz*
Christina L. Smith (WVSB 7509)
Graham B. Platz (WVSB 14093)
405 Capitol Street, Suite 807
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
csmith@powellmajestro.com
gplatz@powellmajestro.com

**ELIAS LAW GROUP LLP**

Elisabeth Frost (DC Bar No. 1007632)*
Lucas Lallinger (DC Bar No. 1046778)*
Julianna Astarita (DC Bar No. 6340483)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 312-5904
efrost@elias.law
llallinger@elias.law
jastarita@elias.law

* Statement of Visiting Attorney filed

*Counsel for Proposed Intervenor-Defendants West Virginia Alliance for Retired Americans*

5

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of May, 2026, with a copy of this document via the Court's CM/ECF system. All other counsel will be served in accordance with Federal Rule of Civil Procedure 5(a).

/s/ *Graham B. Platz*
Graham B. Platz (WVSB 14093)

*Counsel for Proposed Intervenor*