IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.

KRIS WARNER, in his Official Capacity
as WEST VIRGINIA SECRETARY OF
STATE,

    *Defendant*.

Civil Action No. 2:26-cv-00156
Hon. Thomas E. Johnston

**DEFENDANT KRIS WARNER'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Two more courts have now ruled against the Government's position. In *United States v. Bellows*, No. 1:25-cv-00468-LEW, 2026 WL 1430579 (D. Me. May 21, 2026) (slip op. attached at Exhibit A), the U.S. District Court for the District of Maine granted the Maine Secretary of State's motion to dismiss a similar action to compel production of Maine's voter rolls. And in *United States v. Wisconsin Elections Commission*, No. 25-cv-1036-jdp, 2026 WL 1430354 (W.D. Wis. May 21, 2026) (slip op. attached at Exhibit B), the U.S. District Court for the Western District of Wisconsin dismissed a government action seeking to compel production of Wisconsin's voter rolls.

*Bellows* provided a more complete treatment of the statute. There, the court first addressed the United States's suggestion—one it also makes here—that these suits are summary proceedings. The district court instead "conclude[d] that this case presents something other than a perfunctory matter of compelling performance with a clear statutory directive." *Bellows*, slip op. at 11.

The *Bellows* court then moved to the substance of the Government's demands, rejecting its arguments on multiple grounds.

1

For one, Maine's unredacted voter rolls could not "be fairly described as a record or paper that 'comes into [the] possession' of Maine's election officers." *Id.* at 12 (quoting 52 U.S.C. § 20701). Rather, "Title III's commands … pertain to records or papers that election officials receive from prospective voters to support the exercise of the suffrage by the prospective voters, not lists or other tools created by election officials for the purpose of preserving the information provided by voters and ensuring that persons appearing to vote are registered." *Id.* at 13.

For another, "as a separate and independent reason for rejecting the United States' Title III claim," the *Bellows* court was "also persuaded that the United States' stated purpose for its request is insufficient." *Id.* As the Secretary has argued here, the court found that, "whatever investigatory purposes may support a Title III records demand, voter list maintenance is not among them." *Id.* at 14. Both the National Voter Registration Act and the Help America Vote Act "create a comprehensive scheme for the creation and upkeep of states' computerized [voter lists], and for the enforcement of the list maintenance requirements imposed by those statutes." *Id.* at 17. The United States must use any specific enforcement provisions found in those statutes to obtain voter lists rather than stretching a general authorization in Title III to circumvent the NVRA's and HAVA's limitations. *Id.* at 17-18.

Lastly, adopting the United States's position would have required the *Bellows* court to "turn a blind eye to traditional principles of federalism." *Id.* at 18. Construing Title III in the sweeping way the United States does "would take a sledgehammer to the balance Congress struck when it required states to create and maintain computerized lists of registered voters in the first place." *Id.* at 20. States, after all, are the primary conductors of elections.

*Wisconsin Elections Commission* makes quicker work of the Government's arguments—but the court found the Government's arguments wanting all the same. In particular, "[t]he court

agree[d] that a voter registration list is not a record subject to production under Title III." *Wis. Elec. Comm'n*, slip op. at 5. The Wisconsin court found each of the Government's counter-arguments—the identical arguments it raises here in West Virginia—were simply "not persuasive." *Id.* at 7.

All these issues should sound familiar, as Secretary Warner has raised them, too. And courts have unanimously agreed—now eight times over—that the Government's demands for voter rolls are unfounded.[*] This Court should hold the same and dismiss this case.

Respectfully submitted,

/s/ *Michael R. Williams*
Michael R. Williams (WV Bar # 14148)
 *Solicitor General*
Caleb A. Seckman (WV Bar # 13964)
 *Assistant Solicitor General*
West Virginia Attorney General's Office
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305
Michael.R.Williams@wvago.gov
Caleb.A.Seckman@wvago.gov
Telephone: (304) 558-2021
Fax: (304) 558-0140

*Counsel for Defendant Kris Warner*

DATE: May 22, 2026

---

[*] *See also United States v. Weber*, 816 F. Supp. 3d 1168 (2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026); *United States v. Oregon*, No. 25-cv-1666, 2026 WL 318402 (D. Or. Feb. 5, 2026), *appeal docketed* No. 26-1231 (9th Cir. Mar. 3, 2026); *United States v. Benson*, No. 25-cv-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026); *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Amore*, No. 25-CV-639, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Fontes*, No. 26-66, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026)