**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KRIS WARNER, in his official capacity as
West Virginia Secretary of State,

      Defendant.

Case No. 2:26-cv-00156-TEJ

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
(Dkt. 50)**

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-CV-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. These courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. § 20701; *see* Dkt. 39 at 16-21. The *WEC* court further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose

[wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. *See* Dkt. 39 at 21-24; *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another.").

Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See* Dkt. 39 at 21-22, 25-27; *Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Dated: June 2, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ James T. Catania
JAMES T. CATANIA
CHRISTOPHER J. GARDNER
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 812-2631
james.catania@usdoj.gov